## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOHN DOE,<br><br>               Plaintiff,<br><br>          v.<br><br>RIDGEVIEW HEALTHCARE AND<br>REHABILITATION CENTER;<br>RIDGEVIEW HEALTHCARE<br>OPERATING, LLC; RIDGEVIEW<br>HEALTHCARE & REHAB CENTER,<br><br>            Defendants. | Case No. _____ |

## COMPLAINT

Plaintiff, John Doe (hereinafter "Mr. Doe"), by and through his undersigned counsel, Giampolo Law Group, hereby submits and files the following Complaint against Defendants, Ridgeview Healthcare and Rehabilitation Center; Ridgeview Healthcare Operating LLC; and Ridgeview Healthcare & Rehab Center, averring in support thereof, as follows:

### I.    PARTIES:

1.    Plaintiff, John Doe (hereinafter "Plaintiff" or "Mr. Doe") is an adult individual and current resident of the Commonwealth of Pennsylvania, who currently resides at

██████████████████████████████████████████████

███████. Plaintiff's home address has been redacted consistent with Plaintiff's Motion to Proceed Anonymously submitted on this same date, and Brief in Support thereof to be filed in accordance with the Local Civil Rules of the United States District Court for the Middle District of Pennsylvania.

2.      Defendant, Ridgeview Healthcare and Rehabilitation Center, is a corporation organized and existing under the laws of the Commonwealth of Pennsylvania, with a principal place of business located at 200 Pennsylvania Ave., Shenandoah, PA 17976.

3.      Defendant, Ridgeview Healthcare Operating, LLC, is a corporation organized and existing under the laws of the Commonwealth of Pennsylvania, with a principal place of business located at 200 Pennsylvania Ave., Shenandoah, PA 17976.

4.      Defendant, Ridgeview Healthcare & Rehab Center, is a corporation organized and existing under the laws of the Commonwealth of Pennsylvania, with a principal place of business located at 200 Pennsylvania Ave., Shenandoah, PA 17976.

5.      At all times relevant hereto, Defendants employed Plaintiff.

## II.      JURISDICTION & VENUE:

6.      This Court has subject-matter jurisdiction over Plaintiff's Federal claims pursuant to 28 U.S.C. § 1331 because the claims present a Federal question.

7.    Pursuant to 28 U.S.C. § 1367, this Court has supplemental jurisdiction over any state-law claims as those claims arise out of the same set of operative facts as the Federal claims.

8.    This Court has personal jurisdiction over Defendants because Defendants' contacts with this state and judicial district are sufficient for the exercise of jurisdiction over Defendants to comply with traditional notions of fair play and substantial justice, satisfying the standard set forth by the United States Supreme Court in International Shoe Company v. State of Washington, 326 U.S. 310 (1945), and its progeny.

9.    Venue is proper under Title VII of the Civil Rights Act of 1964 ("Title VII") pursuant to 42 U.S.C. § 2000e-5(f)(3) because the unlawful employment practices are "alleged to have been committed" in this judicial district, "the employment records relevant to such practice[s] are maintained and administered" in this judicial district, and Plaintiff "would have worked" in this judicial district "but for the alleged unlawful employment practice[s]."  42 U.S.C. § 2000e-5(f)(3).

10.    At all times relevant hereto, Defendants each employed fifteen (15) or more persons for each working day in each of twenty (20) or more calendar weeks in the current or preceding calendar year.

### III.    EXHAUSTION OF ADMINISTRATIVE REMEDIES

11.     Plaintiff has exhausted all applicable administrative remedies and the
pertinent notice of right-to-sue in this matter is attached hereto as Exhibit "A."
Plaintiff's name and address are redacted consistent with Plaintiff's Motion to
Proceed Anonymously filed on this same date.

### IV.    CLAIMS OF RELIEF

**COUNT I:**
**HOSTILE WORK ENVIRONMENT/HARASSMENT IN VIOLATION OF**
**TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, 42 U.S.C. § 2000*e*, <u>et</u>**
**<u>seq.</u>**
**(Plaintiff, John Doe v. Defendants, Ridgeview Healthcare and Rehabilitation**
**Center; <u>Ridgeview Healthcare Operating LLC; and Ridgeview Healthcare &</u>**
**<u>Rehab)</u>**

12.     All of the foregoing paragraphs are hereby incorporated
as if the same were more fully set forth herein at length.

13.     Plaintiff was employed by Defendants, Ridgeview
Healthcare and Rehabilitation Center; Ridgeview Healthcare
Operating LLC; and/or Ridgeview Healthcare & Rehab Center,
located at 200 Pennsylvania Ave., Shenandoah, PA 17976, as an
Hospitality Aide.

14.     Plaintiff began employment with Defendants on or about
January 2024.

15.     Plaintiff is transgender.  Plaintiff's preferred pronouns
are he, him, his.

16.     During Plaintiff's employment, Plaintiff was outed beyond an extent he felt comfortable in the workplace.  Plaintiff's transgender status was revealed without Plaintiff's agreement to Brittany LNU and Beth LNU.

17.     On or about February 23, 2024, Brittany LNU, co-employee, stated to Plaintiff that the "rumor on the street" was that "there are questions being asked around 2nd floor" but "I don't know how to ask the question," or words to that effect.  Plaintiff asked, "What do you want to know?"

18.     Brittany LNU then stated that "there are questions whether you're a girl or a boy," "Not that I care either way but which one is it?", or words to that effect.

19.     Brittany LNU stated that Donna, Maggie and Beth were asking about Plaintiff's gender identity.

20.     Brittany LNU then asked, "Does your wife know?" Plaintiff stated, yes, she does, that we have been married for a while now, and she knew me before I started my transition, or words to that effect.

21.     Brittany LNU then asked, "Have you had the surgeries done?"  Plaintiff stated he had not and Brittany LNU replied, "If you

did I would ask if I could see it because that's just me and I'm curious like that," or words to that effect.

22.     On or about February 24, 2024, Plaintiff reported the conduct to the Human Resources ("HR") department.  Plaintiff wrote a statement for the HR department.

23.     Plaintiff was sent home for the day, and then the following day, Plaintiff was removed from 2nd Floor.  Defendants disadvantaged the harassee.

24.     Plaintiff recollects that he rewrote the statement at one point.

25.     Plaintiff recollects that one of the residents asked Plaintiff if he was gay, or words to that effect.

26.     Plaintiff also recollects that a resident asked Plaintiff to marry the resident and divorce his wife, or words to that effect.

27.     On account of the complaint filed by Plaintiff, Defendants scheduled a staff code-of-conduct training including anti-discrimination training, anti-harassment training, and training on giving respect to everyone, for Thursday, March 14, 2024.

28.     However, the day before, on Wednesday, March 13, 2024, Defendants wrongfully terminated Plaintiff based on his sex,

gender identity, gender stereotyping, and in retaliation for Plaintiff's protected conduct/activity.

**WHEREFORE**, Plaintiff, John Doe, demands judgment in his favor and against Defendants, individually and/or jointly and severally, in an amount in excess of $150,000.00, which will fully and fairly compensate Plaintiff for any and all back and front pay, overtime, benefits, bonuses, commissions, and promotions he would have received; compensatory damages for pain and suffering, mental distress, and emotional distress; punitive damages; pre- and post-judgment interest, reasonable attorneys' fees, costs of suit; and equitable/injunctive relief requiring Defendants to provide a neutral employment reference for Plaintiff, to conduct sensitivity training for all of Defendants' employees, and such other and further relief that this Court deems just, proper, and equitable.

**COUNT II:**
**WRONGFUL TERMINATION BASED ON SEX IN VIOLATION OF
TITLE VII OF THE CIVIL RIGHTS ACT OF 1964 ("TITLE VII"), 42
U.S.C. § 2000*e*, <u>et seq.</u>**
**(Plaintiff, John Doe v. Defendants, Ridgeview Healthcare and Rehabilitation
Center; <u>Ridgeview Healthcare Operating LLC; and Ridgeview Healthcare &
Rehab</u>)**

29.     All of the foregoing paragraphs are hereby incorporated as if the same were more fully set forth herein at length.

30.     Plaintiff was employed by Defendants, Ridgeview Healthcare and Rehabilitation Center; Ridgeview Healthcare Operating LLC; and/or Ridgeview

Healthcare & Rehab Center, located at 200 Pennsylvania Ave., Shenandoah, PA 17976, as an Hospitality Aide.

31.    Plaintiff began employment with Defendants on or about January 2024.

32.    Plaintiff is transgender.  Plaintiff's preferred pronouns are he, him, his.

33.    Plaintiff was subjected to harassment based on his gender identity which Plaintiff reported to the Human Resources ("HR") department.

34.    On account of the complaint filed by Plaintiff, Defendants scheduled a staff code-of-conduct training including anti-discrimination training, anti-harassment training, and training on giving respect to everyone, for Thursday, March 14, 2024.

35.    However, the day before, on Wednesday, March 13, 2024, Defendants wrongfully terminated Plaintiff based on his sex, gender identity, gender stereotyping, and in retaliation for Plaintiff's protected conduct/activity.

**WHEREFORE**, Plaintiff, John Doe, demands judgment in his favor and against Defendants, individually and/or jointly and severally, in an amount in excess of $150,000.00, which will fully and fairly compensate Plaintiff for any and all back and front pay, overtime, benefits, bonuses, commissions, and promotions he would have received; compensatory damages for pain and suffering, mental distress, and

emotional distress; punitive damages; pre- and post-judgment interest, reasonable attorneys' fees, costs of suit; and equitable/injunctive relief requiring Defendants to provide a neutral employment reference for Plaintiff, to conduct sensitivity training for all of Defendants' employees, and such other and further relief that this Court deems just, proper, and equitable.

## COUNT III:
### RETALIATORY DISCHARGE/TERMINATION IN VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, 42 U.S.C. § 2000*e*, <u>et seq.</u>
### (Plaintiff, John Doe v. Defendants, Ridgeview Healthcare and Rehabilitation Center; <u>Ridgeview Healthcare Operating LLC; and Ridgeview Healthcare & Rehab)</u>

36.     All of the foregoing paragraphs are hereby incorporated as if the same were more fully set forth herein at length.

37.     Plaintiff was employed by Defendants, Ridgeview Healthcare and Rehabilitation Center; Ridgeview Healthcare Operating LLC; and/or Ridgeview Healthcare & Rehab Center, located at 200 Pennsylvania Ave., Shenandoah, PA 17976, as an Hospitality Aide.

38.     Plaintiff began employment with Defendants on or about January 2024.

39.     Plaintiff is transgender.  Plaintiff's preferred pronouns are he, him, his.

40.     Plaintiff was subjected to harassment based on his gender identity which Plaintiff reported to the Human Resources ("HR") department.

41.     On account of the complaint filed by Plaintiff, Defendants scheduled a staff code-of-conduct training including anti-discrimination training, anti-harassment training, and training on giving respect to everyone, for Thursday, March 14, 2024.

42.     However, the day before, on Wednesday, March 13, 2024, Defendants wrongfully terminated Plaintiff based on his sex, gender identity, gender stereotyping, and in retaliation for Plaintiff's protected conduct/activity.

**WHEREFORE**, Plaintiff, John Doe, demands judgment in his favor and against Defendants, individually and/or jointly and severally, in an amount in excess of $150,000.00, which will fully and fairly compensate Plaintiff for any and all back and front pay, overtime, benefits, bonuses, commissions, and promotions he would have received; compensatory damages for pain and suffering, mental distress, and emotional distress; punitive damages; pre- and post-judgment interest, reasonable attorneys' fees, costs of suit; and equitable/injunctive relief requiring Defendants to provide a neutral employment reference for Plaintiff, to conduct sensitivity training for all of Defendants' employees, and such other and further relief that this Court deems just, proper, and equitable.

**COUNT IV:**

**WRONGFUL DISCHARGE/TERMINATION BASED ON DISABILITY IN
VIOLATION OF THE AMERICANS WITH DISABILITIES ACT ("ADA"),
AS AMENDED, 42 U.S.C. § 12101, <u>et seq.</u>
(Plaintiff, John Doe v. Defendants, Ridgeview Healthcare and Rehabilitation
Center; <u>Ridgeview Healthcare Operating LLC; and Ridgeview Healthcare &
Rehab</u>)**

43.    All of the foregoing paragraphs are hereby incorporated as if the same were more fully set forth herein at length.

44.    Plaintiff was perceived or regarded as disabled by Defendants.

45.    Defendants discriminated against Plaintiff based on Plaintiff's gender identity during Plaintiff's employment.

46.    Plaintiff identifies that the Americans with Disabilities Act ("ADA") includes "gender identity disorders."

47.    More specifically, Section 12211(b) of the ADA, provides that the definition of a disability does not include "transvestism, transsexualism, pedophilia, exhibitionism, voyeurism, ***<u>gender identity disorders not resulting from physical impairments</u>***, [and] other sexual behavior disorders."  42 U.S.C. § 12211(b) (emphasis added).

48.    The "Gender Identity Disorder" ("GID") exclusion codified at 42 U.S.C. § 12211(b) is discriminatory and violates due process, to wit:

49.    Plaintiff is a member of a protected class of people who are transgender.

50.     The GID exclusion fails strict scrutiny which is the standard of review applicable to people who are transgender.

51.     The GID exclusion fails heightened or intermediate scrutiny applicable to sex-based classifications.  See Bostock v. Clayton County, Georgia, Nos. 17-1618, 590 U.S. ___, 140 S. Ct. 1731, 2020 WL 3146686 (U.S. June 15, 2020) (holding that discrimination based on transgender status constitutes discrimination based on sex).

52.     The GID exclusion violates the "rational basis with bite" standard of review found to be applicable to anti-LGBTQIA+ bias.  See, e.g., Romer v. Evans, 517 U.S. 620 (1996); Lawrence v. Texas, 539 U.S. 558 (2003); United States v. Windsor, 133 S. Ct. 2576 (2013); Obergefell v. Hodges, 135 S. Ct. 2584 (2015) (applying the 'rational basis with bite' standard of review).

53.     The GID exclusion fails the rational basis standard of review.  There is no rational basis for the GID exclusion.  "[A] bare congressional desire to harm a politically unpopular group cannot justify disparate treatment of that group." Dep't of Agriculture v. Moreno, 413 U.S. 528, 534-35 (1973).

54.     The GID exclusion is unconstitutional on its face.

55.     The GID exclusion is unconstitutional as applied to the Plaintiff.

56.     The GID exclusion has created second-class citizens of people who are transgender or gender non-conforming.

57.     The GID exclusion deprives Plaintiff and other people who are transgender or gender non-conforming of dignity and due process.

58.     It is time for a judicial determination of whether the so-called Gender Identity Disorder ("GID") exclusion is constitutional.

**WHEREFORE**, Plaintiff, John Doe, demands judgment in his favor and against Defendants, individually and/or jointly and severally, in an amount in excess of $150,000.00, which will fully and fairly compensate Plaintiff for any and all back and front pay, overtime, benefits, bonuses, commissions, and promotions he would have received; compensatory damages for pain and suffering, mental distress, and emotional distress; punitive damages; pre- and post-judgment interest, reasonable attorneys' fees, costs of suit; and equitable/injunctive relief requiring Defendants to provide a neutral employment reference for Plaintiff, to conduct sensitivity training for all of Defendants' employees, and such other and further relief that this Court deems just, proper, and equitable.

**COUNT V:**
**FAILURE-TO-ACCOMMODATE DISABILITY IN VIOLATION OF THE AMERICANS WITH DISABILITIES ACT ("ADA"), AS AMENDED, 42 U.S.C. § 12101, et seq.**
**(Plaintiff, John Doe v. Defendants, Ridgeview Healthcare and Rehabilitation Center; Ridgeview Healthcare Operating LLC; and Ridgeview Healthcare & Rehab)**

59.     All of the foregoing paragraphs are hereby incorporated as if the same were more fully set forth herein at length.

13

60.     Plaintiff identifies that the Americans with Disabilities Act ("ADA") includes "gender identity disorders."

61.     More specifically, Section 12211(b) of the ADA, provides that the definition of a disability does not include "transvestism, transsexualism, pedophilia, exhibitionism, voyeurism, ***gender identity disorders not resulting from physical impairments***, [and] other sexual behavior disorders."  42 U.S.C. § 12211(b) (emphasis added).

62.     Defendant failed to accommodate Plaintiff.

63.     The "Gender Identity Disorder" ("GID") exclusion codified at 42 U.S.C. § 12211(b) is discriminatory and violates due process, to wit:

64.     Plaintiff is a member of a protected class of people who are transgender.

65.     The GID exclusion fails strict scrutiny which is the standard of review applicable to people who are transgender.

66.     The GID exclusion fails heightened or intermediate scrutiny applicable to sex-based classifications.  See Bostock v. Clayton County, Georgia, Nos. 17-1618, 590 U.S. ___, 140 S. Ct. 1731, 2020 WL 3146686 (U.S. June 15, 2020) (holding that discrimination based on transgender status constitutes discrimination based on sex).

67.    The GID exclusion violates the "rational basis with bite" standard of review found to be applicable to anti-LGBTQIA+ bias.  See, e.g., Romer v. Evans, 517 U.S. 620 (1996); Lawrence v. Texas, 539 U.S. 558 (2003); United States v. Windsor, 133 S. Ct. 2576 (2013); Obergefell v. Hodges, 135 S. Ct. 2584 (2015) (applying the 'rational basis with bite' standard of review).

68.    The GID exclusion fails the rational basis standard of review.  There is no rational basis for the GID exclusion.  "[A] bare congressional desire to harm a politically unpopular group cannot justify disparate treatment of that group."  Dep't of Agriculture v. Moreno, 413 U.S. 528, 534-35 (1973).

69.    The GID exclusion is unconstitutional on its face.

70.    The GID exclusion is unconstitutional as applied to the Plaintiff.

71.    The GID exclusion has created second-class citizens of people who are gender transgender or non-conforming.

72.    The GID exclusion deprives Plaintiff and other people who are transgender or gender non-conforming of dignity and due process.

73.    It is time for a judicial determination of whether the so-called Gender Identity Disorder ("GID") exclusion is constitutional.

**WHEREFORE**, Plaintiff, John Doe, demands judgment in his favor and against Defendants, individually and/or jointly and severally, in an amount in excess of $150,000.00, which will fully and fairly compensate Plaintiff for any and all back

and front pay, overtime, benefits, bonuses, commissions, and promotions he would have received; compensatory damages for pain and suffering, mental distress, and emotional distress; punitive damages; pre- and post-judgment interest, reasonable attorneys' fees, costs of suit; and equitable/injunctive relief requiring Defendants to provide a neutral employment reference for Plaintiff, to conduct sensitivity training for all of Defendants' employees, and such other and further relief that this Court deems just, proper, and equitable.

## **JURY DEMAND**

Plaintiff hereby demands a trial by jury of eight (8) members on all counts so triable.

Respectfully submitted,

DATED: <u>04/08/2024</u>    BY:    <u>*/s/ Angela Giampolo, Esquire*</u>
Angela Giampolo, Esquire
PA Supreme Court I.D. No. 207574
Justin Robinette, Esquire
PA Supreme Court I.D. No. 319829
P.O. Box 15190
Philadelphia, PA 19130-9998
Tel: (267) 595-6254
Fax: (267) 592-3067
justin@jrobinettelaw.com

*Attorneys for Plaintiff*

## <u>CERTIFICATE OF SERVICE</u>

I, Justin F. Robinette, Esquire, Attorney for Plaintiff, in the above-named matter, do hereby certify that on this <u>8th</u> day of <u>APRIL</u>, <u>2024</u>, the foregoing Complaint was served via the method set forth below, on the date set forth below, or as soon thereafter as service can be effectuated.

Respectfully submitted,

DATED: <u>04/08/2024</u>   BY:   *<u>/s/ Angela Giampolo, Esquire</u>*
Angela Giampolo, Esquire
PA Supreme Court I.D. No. 207574
Justin Robinette, Esquire
PA Supreme Court I.D. No. 319829
P.O. Box 15190
Philadelphia, PA 19130-9998
Tel: (267) 595-6254
Fax: (267) 592-3067
justin@jrobinettelaw.com

*Attorneys for Plaintiff*