## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOHN DOE, | Case No. __3:24-cv-00597-JKM__ |
| Plaintiff, | |
| v. | |
| RIDGEVIEW HEALTHCARE AND REHABILITATION CENTER; RIDGEVIEW HEALTHCARE OPERATING, LLC; RIDGEVIEW HEALTHCARE & REHAB CENTER, | |
| Defendants | |

### BRIEF IN SUPPORT OF PLAINTIFF'S MOTION TO PROCEED ANONYMOUSLY

Plaintiff, John Doe, hereby files the instant Brief in Support of the Plaintiff's

Motion to Proceed Anonymously, and states as follows:

### I.    MATTER BEFORE THE COURT:

Plaintiff's Motion to Proceed Anonymously, and Brief in Support Thereof.

### II.    QUESTION PRESENTED:

1.    Whether Plaintiff should be permitted to proceed with a pseudonym
and redact his home address from the Complaint because he has
articulated a legitimate fear of severe harm that is reasonable under
existing Third Circuit precedent?

Suggested Answer: **YES.**

III.   **STATEMENT OF FACTS:**

Plaintiff files the instant request for anonymity in order to proceed anonymously, as, "John Doe," in Plaintiff's Complaint.  Plaintiff is a former employee of Defendants, Ridgeview Healthcare and Rehabilitation; Ridgeview Healthcare Operating LLC; and Ridgeview Healthcare & Rehab.  See Plaintiff's Compl., at Dkt. No. 1, para. 5, 13.  Plaintiff is transgender and his preferred pronouns are "he," "him," "his."  See id. at para. 15.  Plaintiff alleges employment discrimination, harassment, and retaliation against Plaintiff during his employment with Defendants.  More specifically, Plaintiff alleges that during his employment he was outed beyond an extent he felt comfortable.  See id. at para. 16.  A coworker stated there was a "rumor" going around about Plaintiff and the coworker wanted to know whether Plaintiff was "a girl or a boy."  See id. at para. 17-18.  The coworker inquired about Plaintiff's gender identity, including Plaintiff's anatomy, and stated that the coworker would ask to see Plaintiff's anatomy.  See id. at para. 21.  The coworker asked, "Does your wife know?"  See id. at para. 20.  Plaintiff was also referred to as "gay" by a resident, and was asked to marry another resident.  See id. at para. 25-26.

Plaintiff reported concerns to the Human Resources ("HR") department on February 24, 2024.  See id. at para. 22.  Plaintiff contends that Defendants disadvantaged Plaintiff as the harassee, instead of the harasser, by sending Plaintiff

home and then removing Plaintiff from his previously assigned floor.  See id. at

para. 23.  Although Defendants then scheduled an anti-harassment training for

Thursday, March 14, 2024, Defendants terminated Plaintiff the day before, on

Wednesday, March 13, 2024.  See id. at para. 27-28.  Plaintiff contends that he was

subjected to a hostile work environment, wrongfully terminated, and retaliated

against for his protected conduct/activity.

    With this Motion, Plaintiff seeks to proceed anonymously in the instant

litigation.  Plaintiff has a legitimate fear of severe harm if his name and home

address are revealed in this lawsuit.  For all of the reasons set forth more fully

below, Plaintiff respectfully requests that this Court permit Plaintiff to proceed

under the name, "John Doe," in this litigation, and to redact his address from the

Complaint and any amendment thereto.

## IV.   LEGAL ARGUMENT:

    It is well-recognized that a party may proceed under a pseudonym in a

lawsuit when there is a legitimate fear of social stigma resulting from disclosure of

the party's gender identity.  See Doe v. Megless, 654 F.3d 404, 408-09 (3d Cir.

2011); see also Doe v. Borough of Morrisville, 130 F.R.D. 612, 614 (E.D. Pa.

1990).

    In Doe v. Megless, the Third Circuit Court of Appeals specifically relied on

the Eastern District of Pennsylvania's decision in Doe v. Borough of Morrisville,

supra., for its holding that cases involving a litigant's transgender status were generally appropriate for pseudonyms.  Megless, 654 F.3d at 408-09 (citing Doe v. Borough of Morrisville, 130 F.R.D. at 614)).

The Third Circuit in Doe v. Megless explained that a balancing test should be used when deciding whether "a litigant has a reasonable fear of severe harm that outweighs the public's interest in open litigation."  Megless, 654 F.3d at 408-09. Generally speaking, to proceed under a pseudonym, the "plaintiff must show 'both (1) a fear of severe harm, and (2) that the fear of severe harm is reasonable.'" Megless, 654 F.3d 404, 408 (citing Doe v. Kamehameha Sch./Bernice Pauahi Bishop Est., 596 F.3d 1036, 1043 (9th Cir. 2010)); see also Doe v. United Servs. Life Ins. Co., 123 F.R.D. 437, 438 (S.D.N.Y. 1988).

The Third Circuit in Megless adopted a "non-exhaustive" list of factors from Doe v. Provident Life and Accident Insurance Company, 176 F.R.D. 464 (E.D. Pa. 1997), with respect to evaluating whether anonymity is warranted, including as follows, with respect to factors that favor anonymity:

(1)    The extent the litigant's identity has been kept confidential;

(2)    The basis on which disclosure is feared or avoided, and its substantiality;

(3)    The magnitude of the public interest in maintaining the litigant's confidentiality;

(4)    Whether, due to the purely legal issues, there is an atypically weak public interest in knowing the litigant's identity; and

4

(5)     Whether the litigant has illegitimate ulterior motives.

Megless, 654 F.3d at 409 (citing Doe v. Provident Life and Acc. Ins. Co., 176

F.R.D. 464, 467 (E.D. Pa. 1997)).

Furthermore, the following are factors which tend to disfavor anonymity:

(1)     Whether there is universal public interest in accessing the litigant's identity;

(2)     Whether, due to the subject matter, the litigant's status as a public figure, or otherwise, weighs strongly toward knowing [the litigant's] identity, beyond the [general] public interest; and

(3)     Whether opposing counsel, the public, or the press is illegitimately motivated.

Megless, 654 F.3d at 409 (citing Doe v. Provident Life and Acc. Ins. Co., 176

F.R.D. at 467).

**A.     Plaintiff Has Articulated a Legitimate Fear of Severe Harm That Is Reasonable As Plaintiff Faces a Risk of Stigma, Violence, or Retribution Based on His Gender Identity If His Name and Home Address Are Disclosed In This Lawsuit Beyond An Extent To Which He Is Comfortable.**

The Third Circuit explained in Doe v. Megless that the "bases upon which

disclosure is feared or sought to be avoided, and the substantiality of these bases,"

weigh in favor of granting anonymity.  Doe v. Megless, 654 F.3d 404, 409 (3d Cir.

2011).

In Doe v. Pennsylvania Department of Corrections, the Hon. Matthew W.

Brann found for the transgender employee that they could pursue their employment

discrimination case anonymously as, "John Doe."  See Doe v. Pa. Dep't of Corrections, No. 19-1584, 2019 WL 5683437 *1, *2 (M.D. Pa. Nov. 1, 2019) (Brann, J.).  The court held that pseudonyms were generally appropriate in litigation surrounding "transgender issues," in particular noting that "as litigation around transgender issues has increased, so too have more courts permitted transgender plaintiffs to proceed pseudonymously."  Id.  See also Doe v. Univ. of Scranton, Case No. 3:19-cv-01486, ECF No. 24 (M.D. Pa. Mar. 16, 2020) (where the court permitted anonymity for an adult student alleging sexual-orientation discrimination at the defendant-university, reasoning, "In addition to the record containing no indication that the plaintiff's allegations are unfounded, the court is well-aware of the threat of violence that the LGBTQ community can face.  As such, we find plaintiff's reasons compelling for allowing him to proceed anonymously"); Doe v. Commonwealth of Pennsylvania, No. 19-2193, Dkt No. 5, at pp. 2-3 (M.D. Pa. Jan. 14, 2020) (transgender discrimination case involving the exclusion of gender-affirming surgery from Pennsylvania Employees' Benefit Trust Fund, or "PEBTF," health plans, granting the plaintiff anonymity, and recognizing that disclosure "places [the plaintiff] at risk of being subjected to social stigma and violent attacks").

In Doe v. Commonwealth of Pennsylvania, the Honorable Sylvia H. Rambo reasoned that anonymity was justified in that case because the plaintiff "fear[ed]

that publicly disclosing his gender identity places him at risk of being subjected to

social stigma and violent attacks," and that "keeping his name and address stricken

from the pleadings would not impair the public's interest in following lawsuits or

the opposing parties' interest in investigating the case."  Doe v. Commonwealth of

Pennsylvania, No. 19-2193, Dkt No. 5, at pp. 2-3 (M.D. Pa. Jan. 14, 2020).  While

Judge Rambo reasoned that "[t]he public may have an interest in following the

state of the law governing transgender people," Judge Rambo nevertheless

recognized in that case that the public "has very little interest in finding out the

identity of a specific transgender person."  Id. at p. 3.

Plaintiff notes that conditional grants of anonymity under analogous

circumstances have been ordered in several transgender employment

discrimination cases recently in the Eastern District of Pennsylvania as well,

including in Doe v. The Gardens for Memory Care at Easton, No. 18-4027, ECF

Nos. 3-4 (E.D. Pa. 2018); Doe v. Triangle Doughnuts, LLC, No. 19-5275, ECF No.

23 (E.D. Pa. June 23, 2020); and Doe v. Genesis Healthcare, No. 21-551 (E.D. Pa.

Apr. 23, 2021).

Courts in the Eastern District of Pennsylvania have also recently permitted

anonymity in transgender discrimination litigation involving people who are non-

binary, including in Roe v. Tabu Lounge & Sports Bar, No. 20-3688, Dkt. No. 4

(E.D. Pa. Sept. 10, 2020), an employment discrimination case, where the court

permitted anonymity for a non-binary transgender litigant, as well as in <u>Doe v. Colonial Intermediate Unit 20, *et al*.</u>, No. 20-1215, Dkt. No. 21 (E.D. Pa. August 25, 2020), where the court permitted "Roe" to be used for the minor-plaintiff, who identified as non-binary, with the adult guardian of the transgender minor-plaintiff identified as "Jane Doe."  In the <u>Doe v. Colonial Intermediate Unit 20, *et al*.</u> case, the defendants did oppose the plaintiffs' requests for anonymity in that case but the court permitted anonymity over the defendants' opposition.

In another recent case out of the Eastern District of Pennsylvania involving a lesbian employee who pled in the complaint that she had a "masculine gender expression," the Honorable Joel H. Slomsky held that the plaintiff could pursue her employment discrimination case under "Michelle 'Doe'," due to the plaintiff's fear of potential retribution, even though the plaintiff acknowledged in that case that she was openly gay.  <u>See</u> <u>Doe v. Parx Casino</u>, No. 18-5289, at p. 2 (E.D. Pa. Jan. 2, 2019).  Although the defendant-employer in <u>Doe v. Parx Casino</u> did not oppose the request for anonymity, the defendant-employer did file a response including in the pertinent statement of facts, *inter alia*, that the plaintiff alleged she was "openly lesbian" in her complaint.  <u>See id.</u> at p. 3.

Even though Judge Slomsky held therefore that the plaintiff could not show that she kept her sexual orientation sufficiently confidential because she admitted to being openly lesbian in her underlying discrimination complaint, the court

instead relied on the fact that the plaintiff in <u>Doe v. Parx Casino</u> alleged that the plaintiff "fears that if she were to proceed under her given name, she might face violence, intimidation, and retribution based on her sexual orientation." <u>See id.</u> at p. 2. The court in <u>Doe v. Parx Casino</u> considered the <u>Megless</u> list of factors to be a "non-exhaustive list," and therefore "not comprehensive." <u>See id.</u> at pp. 2-3. Confidentiality, or the degree to which a litigant has kept a certain matter confidential, is only one factor in the list of non-exhaustive <u>Megless</u> factors, and it is not the only factor.

Judge Slomsky ruled in <u>Doe v. Parx Casino</u> that the plaintiff "has shown that she has a reasonable fear of harm if she were to litigate without a pseudonym" because she "alleges that she has faced pervasive harassment based on her sexual orientation and the fact that she has a masculine gender expression," "[s]he alleges discriminatory conduct by co-workers that range from insults and name-calling to aggression, intimidation, and threats of physical violence," and "[a]s a result, she fears that [not] proceeding anonymously will result in further threats, violence, and retribution." <u>See id.</u> at p. 3. This analysis was conducted independently of the question of confidentiality, which the plaintiff in <u>Doe v. Parx Casino</u> could not satisfy according to the court in that case because the plaintiff admitted she was being discriminated against because she was openly lesbian.

In the instant case, Plaintiff's request comports with other courts' grants of anonymity to transgender litigants in this jurisdiction as well as in the Eastern District of Pennsylvania.  Consistent with the cases cited above, Plaintiff respectfully contends that conditionally granting the instant Motion unless circumstances arise which otherwise warrant disclosure is appropriate at this time, so that Plaintiff is not subjected to potential retribution for bringing the instant case.

Plaintiff points to additional anecdotal evidence and statistics to support his request as did the plaintiff in Doe v. Gardens for Memory Care at Easton.  The court in Doe v. Gardens for Memory Care at Easton found the local and national statistics and data presented in that case to be persuasive.  See Doe v. Gardens for Memory Care at Easton, No. 18-4027, ECF Nos. 3, 4, at n. 1, p. 2 (E.D. Pa. 2018). The court reasoned in support of its opinion in Doe v. Gardens for Memory Care at Easton, "In her brief in support of this motion [the plaintiff] speaks of a fear of violence if her name is included in the Complaint citing statistics, several articles, and individual instances of violence against transgender people, in support of those propositions."  See id.  at n. 1, p. 2.  See also Doe v. Genesis Healthcare, No. 21-551, Dkt. No. 7 (E.D. Pa. Apr. 23, 2021).

In a recent opinion, Doe v. Genesis Healthcare, the Honorable Cynthia M. Rufe of the Eastern District of Pennsylvania held in an employment discrimination

case brought by a transgender employee that the litigant in that matter was entitled to anonymity, recognizing that "courts in this Circuit have allowed anonymity due to the private and intimate nature of being transgender as well as the widespread discrimination, harassment, and violence faced by these individuals." Doe v. Genesis Healthcare, No. 21-551, Dkt. No. 7, at p. 4 (E.D. Pa. Apr. 23, 2021. The court in Doe v. Genesis Healthcare specifically cited the Eastern District of Pennsylvania's decisions in Doe v. Gardens for Memory Care at Easton and Doe v. Triangle Doughnuts LLC, as well as the Middle District of Pennsylvania's decisions in Doe v. Commonwealth of Pennsylvania and Doe v. Pennsylvania Department of Corrections in support of its holding. See Doe v. Genesis Healthcare, Dkt. No. 7, n. 19.

Plaintiff similarly points out with respect to the instant litigation that statistics confirm transgender individuals are more likely to suffer violence because of their gender identity.[1] It has been reported statistically that 2021 was the deadliest year on record for transgender individuals.[2] 2020 was the most

---

[1] See McBride, Sarah, "HRC & Trans People of Color Coalition Release Report on Violence Against the Transgender Community," *Human Rights Campaign* (November 17, 2017; Updated January 2018) [https://www.hrc.org/blog/hrc-trans-people-of-color-coalition-release-report-on-violence-against-the].

[2] See "2021 is now the deadliest year on record for transgender people," *PBS Newshour* (Nov. 18, 2021), https://www.pbs.org/newshour/nation/2021-is-now-the-deadliest-year-on-record-for-transgender-people; Orion Rummler and Kate Sosin, "2021 is now the deadliest year on record for transgender people," https://19thnews.org/2021/11/2021-deadliest-year-record-transgender-people/ (Nov. 9, 2021).

violent year on record before then,[3] as was the year 2018 before then[4], the year 2017 before then,[5] and the year 2016 before then.[6]  The number of deaths of transgender people is disproportionate.

In 2021, in Western Pennsylvania, news reports stated that "[t]he recent deaths of trans people of color in Western Pennsylvania signal an alarming trend of violence," that "[f]our trans people of color have died in Western Pennsylvania in February [2021], three of whom were killed within one week. [7]  The Morris Home for Hope, an LGBTQ-specific Philadelphia homeless shelter, appears to have been "firebombed" in a hate crime attack in 2018.[8]

Violence, including fatal violence, against people who are transgender or gender non-conforming, is on the rise currently.[9]  Homicides of LGBTQ+ people

---

[3] See "Fatal Violence Against Transgender and Gender Non-Conforming Community in 2021,": *Human Rights Campaign* (Last Accessed Sept. 13, 2023), https://www.hrc.org/resources/fatal-violence-against-the-transgender-and-gender-non-conforming-community-in-2021.

[4] See https://www.usatoday.com/story/news/2018/09/26/2018-deadliest-year-transgender-deaths-violence/1378001002/; https://www.cnn.com/2019/01/16/health/transgender-deaths-2018/index.html.

[5] See Human Rights Campaign, "Violence Against the Transgender Community in 2017," [https://www.hrc.org/resources/violence-against-the-transgender-community-in-2017].

[6] See Thomson Reuters Foundation, "2016 was Reportedly the Deadliest Year Ever for Transgender People," *Huffington Post* (November 11, 2016) [http://www.huffingtonpost.com/entry/transgender-people-2016_us_5824f1c3e4b034e38990c47c].

[7] Rooney, Kimberly, "The recent deaths of trans people of color in Western Pennsylvania signal an alarming trend of violence," *PGH City Paper* (Mar. 3, 2021), https://www.pghcitypaper.com/news/the-recent-deaths-of-trans-people-of-color-in-western-pennsylvania-signal-an-alarming-trend-of-violence-19015946.

[8] Busey, Kelli, "Philly transgender group home firebombed in hate crime attack," *Planet Transgender* (June 29, 2018), available at [http://planettransgender.com/philly-transgender-group-home-fire-bombed/?cn-reloaded=1].

[9] See Marzullo and Libman, Human Rights Campaign, "Research Overview:  Hate Crimes and Violence Against LGBTQ People" (2009), at page 2 [www.hrc.org/resources/hate-crimes-and-violence-against-lgbt-people]; Haeyoun

have been on the rise since 2007.[10]  The FBI released formal hate crime statistics in 2017 showing what is believed to be an increase in the number of reported hate crimes.[11]

Plaintiff has alleged a legitimate fear of violence with particularity which is sufficient to justify anonymity in this case.  Local and national statistics and data on violence against people who are transgender or gender non-conforming— alongside Plaintiff's individualized fear of violence—are sufficient to justify a grant of anonymity for Plaintiff in the instant matter.  It should be pointed out again that the Megless list of factors are non-exhaustive.  Each factor does not need to be met in order for the Court to make a determination in favor of Plaintiff.  A strong showing on one factor may negate a weak or no such showing on another factor.  Megless sets forth a balancing test.

For example, the court in Doe v. Parx Casino found that the plaintiff had alleged a sufficient justification based on a "legitimate fear of severe harm" directed at the plaintiff on account of the plaintiff's "masculine gender

Park and Iaryna Mykhyalyshyn, "LGBT People Are More Likely To Be Targets of Hate Crimes Than Any Other Minority Group," The New York Times (June 16, 2016) [https://www.nytimes.com/interactive/2016/06/16/us/hate-crimes-against-lgbt.html?_r=0].

[10] Wile, Rob, "It's Still Dangerous To Be Gay In America.  Here Are The Statistics That Prove It," *Splinter* (June 12, 2016), [www.splinternews.com/it-s-still-dangerous-to-be-gay-in-america-here-are-the-1793857468].

[11] Dashow, Jordan, "New FBI Statistics Show Alarming Increase in Number of Reported Hate Crimes," *Human Rights Campaign* (November 13, 2018) [www.hrc.org/blog/new-fbi-statistics-show-alarming-increase-in-number-of-reported-hate-crimes].

expression," without a showing on the confidentiality prong, since the plaintiff in Doe v. Parx Casino acknowledged being openly gay.  See Doe v. Parx Casino, supra, at p. 3.  The instant case is similar in that Plaintiff has made a showing of a general as well as a particularized fear of violence against him on account of his gender identity, with respect to a "legitimate fear of severe harm that is reasonable."  A strong showing on the severe harm prong is sufficient to grant Plaintiff's request for anonymity at this time.

Plaintiff respectfully requests that this Honorable Court permit him to adopt the name, "John Doe," in the instant litigation.  Plaintiff requests that this Court permit Plaintiff to redact his home address from the Complaint and any amendment thereto.  Plaintiff respectfully requests that the instant Motion for Anonymity be granted.

## B.    The Public Interest Weighs in Favor of Granting Plaintiff's Anonymity Request.

According to Megless, when deciding the issue of anonymity, the Court should also consider "the magnitude of the public interest in maintaining the confidentiality of the litigant's identity . . . ."  Megless, 654 F.3d at 409. Conversely, if "there is an atypically weak public interest in knowing the litigant's identit[y]," then this factor weighs in favor of granting the litigant anonymity.  Id.

Generally speaking, as stated above, people who are transgender are recognized as having a strong interest in keeping their identity confidential in civil

14

litigation.  See Doe v. Pa. Dep't of Corrections, supra, 2019 WL 5683437, at *2;

see also Doe v. Delie, 257 F.3d 309, 315-16 (3d Cir. 2001) (transgender inmate

entitled to medical privacy); Powell v. Schriver, 175 F.3d 107, 111 (2d Cir. 1999)

("[t]he Constitution does indeed protect the right to maintain confidentiality of

one's [transgender status]").

Consideration of the public interest here also weighs in favor of Plaintiff and

against Defendants.  In the instant case, as the Plaintiff is not a public figure, there

is not a particularly strong interest in revealing Plaintiff's identity.  See Doe v.

Provident Life and Acc. Ins. Co., 176 F.R.D. 464, 468 (E.D. Pa. 1997).  This

consideration was also recently recognized by Judge Beetlestone in Doe v.

Gardens for Memory Care at Easton, an employment discrimination case brought

by a transgender employee, where Judge Beetlestone reasoned that the public

interest weighed in favor of the plaintiff in that case because the plaintiff was a

"certified nursing assistant, not a public figure."  See Doe v. Gardens for Memory

Care at Easton, No. 18-4027, ECF Nos. 3, 4, at n. 1, p. 2 (E.D. Pa. 2018).  In the

instant case, Plaintiff was an Hospitality Aide for a nursing home and not a public

figure.  See Pltf.'s Compl., ECF No. 1, at para. 13.  This factor therefore weighs in

favor of granting Plaintiff's anonymity request.

Further, as recently recognized by the Middle District of Pennsylvania in

two (2) recent decisions, while there may be an interest in general in the

development of the law surrounding, as Judge Brann recognized, "transgender issues" or "transgender litigation," see Doe v. Pennsylvania Department of Corrections, supra, 2019 WL 5683437, at *2, there is, according to Judge Rambo, very little public interest in knowing the specific identity of any particular transgender litigant.  See Doe v. Commonwealth, supra, No. 19-2193, Dkt No. 5, at p. 3.

Plaintiff respectfully contends that the public interest also includes the interest in protecting the Plaintiff's, and other future litigants', privacy surrounding a sensitive aspect of identity like gender identity.  Plaintiff contends that the public interest will best be served by ensuring Plaintiff can proceed anonymously so that he does not face severe harm, and so that he is not outed beyond an extent to which he is comfortable.

For this additional reason, Plaintiff's anonymity request should be granted as the public interest weighs in favor of granting Plaintiff's request.  Plaintiff respectfully requests that the instant Motion be granted.

### C.   Plaintiff Seeks to Keep Only a Limited Amount of Information Confidential.

Plaintiff only seeks to keep a limited amount of information confidential.  It is especially appropriate to permit anonymity where a court can otherwise "keep the proceedings open to the public while still maintaining the confidentiality of plaintiff's identity."  See Doe v. Provident Life and Acc. Ins. Co., 176 F.R.D. 464, 468 (E.D. Pa.

16

1997).  A related point was also recognized by Judge Beetlestone in the Eastern District of Pennsylvania decision, <u>Doe v. Gardens for Memory Care at Easton</u>.  <u>See</u> <u>Doe v. Gardens for Memory Care at Easton</u>, No. 18-4027, ECF Nos. 3-4, n. 1, p. 2 (E.D. Pa. 2018) ("[Plaintiff] makes a point, however, that she is not requesting that the matter be sealed, only that her name be kept out of the Complaint.  More specifically, she is prepared to conduct discovery, depositions, and trial with her actual preferred name.").

In the instant case, like <u>Doe v. Gardens for Memory Care at Easton</u>, Plaintiff is agreeable to conducting depositions and trial with his name being used.  Plaintiff is also not requesting that this case or any document be sealed.  Plaintiff is respectfully moving the Court for permission to proceed with the designation, "John Doe," as well as to redact his home address from the pleadings.  Plaintiff only seeks to keep a limited amount of information confidential.  The public can know about the facts and development of this case from the docket activity.  Plaintiff respectfully requests that he be permitted to keep his name and home address private in court filings and that the instant Motion be granted.

**D.      Plaintiff Also Requests to Keep His Identity Confidential Pursuant to His Right to Medical Privacy, Which Is Recognized By the Health Insurance Portability and Accountability Act ("HIPAA") As Well As The Constitution, in Order to Permit Plaintiff to Pursue <u>The Disability-Based Claims In This Case.</u>**

Plaintiff further seeks to keep his identity confidential in the instant litigation in light of the disability-based claims pled in the Complaint and because of

17

Plaintiff's interest in medical privacy.  See 45 CFR Part 160, Subparts A and E of Part 164; 45 C.F.R. 160.103 (the Health Insurance Portability and Accountability Act, or "HIPAA").

A similar medical privacy argument was raised by a transgender plaintiff in an employment discrimination case, out of the Eastern District of Pennsylvania, in Doe v. The Hospital of the University of Pennsylvania, Case No. 19-2881 (E.D. Pa. 2019) (Dkt. 11).  The Court, the Hon. Mitchell S. Goldberg, granted the anonymity request in that case.  See Doe v. The Hospital of the University of Pennsylvania, Case No. 19-2881 (E.D. Pa. Dec. 9, 2019) (Dkt. 27).

Plaintiff in the instant action is advancing a similar medical privacy argument.  HIPAA prohibits the disclosure of an individual's protected health information ("PHI") without their consent.  State law as well as certain constitutional provisions also protect Plaintiff's right to medical privacy and from unwarranted disclosure under these circumstances.  See Doe v. Delie, 257 F.3d 309, 315-16 (3d Cir. 2001) (transgender inmate entitled to medical privacy); see also Powell v. Schriver, 175 F.3d 107, 111 (2d Cir. 1999) ("[t]he Constitution does indeed protect the right to maintain confidentiality of one's [transgender status]").

It is also well-recognized by Federal district courts that the potential social stigma associated with certain mental health conditions can also independently justify anonymity in civil litigation.  See, e.g., Doe v. United Behavioral Health,

No. 10-5192, 2010 WL 5173206 (E.D. Pa. Dec. 10, 2010); <u>Doe v. Provident Life and Accident Insurance Company</u>, 176 F.R.D. 464 (E.D. Pa. 1997); and <u>Doe v. Hartford Life & Accident Insurance Company</u>, 237 F.R.D. 545 (D.N.J. 2006).

In the instant case, Plaintiff pleads disability-based claims which render his actual and/or perceived disability a relevant legal issue in the instant case. Plaintiff has a strong interest in not having his identity revealed in this lawsuit thereby potentially subjecting Plaintiff to social stigma and retribution. This is an additional independent reason to grant Plaintiff's anonymity request in the instant case. Plaintiff's Motion should be conditionally granted.

## V.   <u>CONCLUSION:</u>

For all of the foregoing reasons, Plaintiff respectfully requests that this Honorable Court grant the instant Motion to Proceed Anonymously; permit Plaintiff to use the name, "John Doe"; and permit Plaintiff to redact his home address from the Complaint, and any amendment thereto.

Respectfully submitted,

DATED: <u>04/09/2024</u>   BY:   <u>*/s/ Justin F. Robinette, Esquire*</u>
Justin Robinette, Esquire
PA Supreme Court I.D. No. 319829
1201 Locust Street, Suite 202
Philadelphia, PA 19107
Tel: (267) 595-6254
Fax: (267) 592-3067
justin@jrobinettelaw.com

*Attorneys for Plaintiff*

19

## <u>CERTIFICATE OF NON-CONCURRENCE</u>

Undersigned counsel sent the instant Motion to Proceed Anonymously by first class mail to the Defendants.   Undersigned counsel requested concurrence. Defendants have not responded to consent to the relief requested herein.

Respectfully submitted,

DATED: <u>04/09/2024</u>     BY:   <u>*/s/ Justin Robinette, Esquire*</u>
Justin Robinette, Esquire
PA Supreme Court I.D. No. 319829
1201 Locust Street, Suite 202
Philadelphia, PA 19107
Tel: (267) 595-6254
Fax: (267) 592-3067
justin@jrobinettelaw.com

*Attorneys for Plaintiff*

## <u>CERTIFICATE OF SERVICE</u>

I, Justin F. Robinette, Esquire, Attorney for Plaintiff, Jane Doe, in the above-named matter, do hereby certify that on this <u>9th</u> day of <u>APRIL</u>, <u>2024</u>, the foregoing Brief in Support of the Motion of Plaintiff to Proceed Anonymously, was filed using the Court's electronic filing system, and sent via first class mail to Defendants on today's date, or as soon thereafter as service can be effectuated.

Respectfully submitted,

DATED: <u>04/09/2024</u>     BY:   <u>*/s/ Justin Robinette, Esquire*</u>
                                    Justin Robinette, Esquire
                                    PA Supreme Court I.D. No. 319829
                                    1201 Locust Street, Suite 202
                                    Philadelphia, PA 19107
                                    Tel: (267) 595-6254
                                    Fax: (267) 592-3067
                                    justin@jrobinettelaw.com

                                    *Attorneys for Plaintiff*