IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOHN DOE, | : | No. 3:24cv597 |
| Plaintiff | : | |
| | : | (Judge Munley) |
| v. | : | |
| RIDGEVIEW HEALTHCARE AND REHABILITATION CENTER; RIDGEVIEW HEALTHCARE OPERATING, LLC; RIDGEVIEW HEALTHCARE & REHAB CENTER, Defendants | : | |

## MEMORANDUM

Before the court for disposition is the plaintiff's motion for order to proceed anonymously. (Doc. 3). The court will conditionally grant the motion.

**Background**

Plaintiff is transgender, and his preferred pronouns are "he, him, his." (Doc. 1, Compl. ¶ 15). Defendants Ridgeview Healthcare and Rehabilitation Center, Ridgeview Healthcare Operating, LLC; Ridgeview Healthcare & Rehab employed plaintiff beginning in January 2024. (Id. ¶ 14). Plaintiff filed the instant case alleging employment discrimination, harassment, and retaliation during his employment with the defendants.

Specifically, plaintiff avers that he was outed as transgender beyond an extent that he felt comfortable. (Id. ¶ 16). On or above February 23, 2024, a coworker discussed a rumor with plaintiff and wanted to know whether he was "a girl or a boy." (Id. ¶¶ 17-18). The coworker asked whether plaintiff had "the surgeries" done and indicated that she would like to see if plaintiff had. (Id. ¶ 21).

Plaintiff reported his coworker's conduct to defendants' Human Resources department on February 24, 2024. (Id. ¶ 22). Defendants sent plaintiff home for the day, and on the following day, removed him from the floor on which he had been working. (Id. ¶ 23).

Due to plaintiff's report of his co-worker's conduct, defendant scheduled code of conduct training for the staff to occur on March 14, 2024. The training was to include anti-discrimination training, anti-harassment training, and training on giving respect to everyone. (Id. ¶ 27). The day before the training, March 13, 2024, defendants terminated plaintiff. (Id. ¶ 28). Plaintiff claims his termination was wrongfully based upon his sex, gender identity, gender stereotyping, and in retaliation for plaintiff's protected conduct/activity. (Id.) He filed the instant complaint on April 9, 2024, raising the following five counts: Count I – Hostile Work Environment/Harassment in Violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, et seq.; Count II – Wrongful Termination Based on Sex in Violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, et seq.;

Count III – Retaliatory Discharge/Termination in Violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, et seq.; Count IV – Wrongful Discharge/Termination Based on Disability in Violation of the Americans with Disabilities Act ("ADA") as amended, 42 U.S.C. § 12101 et seq.; and Count V – Failure To Accommodate Disability in Violation of the Americans with Disabilities Act ("ADA") as amended, 42 U.S.C. § 12101 et seq.

Plaintiff filed the complaint under the pseudonym "John Doe" and filed the instant motion to proceed anonymously on the same day. The motion seeks permission to use the pseudonym "John Doe" and to redact his home address from the complaint and any amendment thereto. (Doc. 3).

**Jurisdiction**

As plaintiff brings suit pursuant to federal statutes, the court has federal question jurisdiction. See 28 U.S.C. § 1331 ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States.").

**Legal Standard**

The Federal Rules of Civil Procedure demand that the caption of the complaint contain the names of all the parties. FED. R. CIV. P. 10(a) ("Every pleading must have a caption with the court's name, a title, a file number . . . The title of the complaint must name all the parties[.]") The public nature of lawsuits

and the public interest inherent in the rights vindicated in courtrooms makes open and transparent proceedings imperative to equitable outcomes. See M.M. v. Zavaras, 139 F.3d 798, 803 (10th Cir. 1998) (holding that "[l]awsuits are public events. A plaintiff should be permitted to proceed anonymously only in those exceptional cases involving matters of a highly sensitive and personal nature, real danger of physical harm, or where the injury litigated against would be incurred as a result of the disclosure of the plaintiff's identity. The risk that a plaintiff may suffer some embarrassment is not enough.") (quoting Doe v. Frank, 951 F.2d 320, 324 (11th Cir. 1992)).

Courts have long recognized, however, that the circumstances of a case, particularly where litigants may suffer extreme distress or danger from their participation in the lawsuit, may require that plaintiffs proceed without revealing their true names. Courts have found that plaintiffs could proceed anonymously in cases involving "abortion, birth control, transsexuality, mental illness, welfare rights of illegitimate children, AIDS, and homosexuality." Doe. v. Megless, 654 F.3d 404, 408 (3d Cir. 2011) (quoting Doe v. Borough of Morrisville, 130 F.R.D. 612, 614 (E.D. Pa. 1990)).

To proceed anonymously, "a plaintiff must show 'both (1) a fear of severe harm, and (2) that the fear of severe harm is reasonable.'" Id. (quoting Doe v. Kamehameha Sch./Bernice Pauahi Bishop Estate, 596 F.3d 1036, 1043 (9th Cir.

2010)). After a plaintiff sufficiently alleges he has a reasonable fear of severe harm, "district courts should balance a plaintiff's interest and fear against the public's strong interest in an open litigation process." Id. (internal citations omitted). The United States Court of Appeals for the Third Circuit has considered the following non-exhaustive list of factors when conducting the balancing test. The list of factors include factors favoring anonymity and factors disfavoring anonymity. See Megless, 654 F.3d at 409. The factors favoring anonymity include:

> (1) the extent to which the identity of the litigant has been kept confidential; (2) the bases upon which disclosure is feared or sought to be avoided, and the substantiality of these bases; (3) the magnitude of the public interest in maintaining the confidentiality of the litigant's identity; (4) whether, because of the purely legal nature of the issues presented or otherwise, there is an atypically weak public interest in knowing the litigant's identities; (5) the undesirability of an outcome adverse to the pseudonymous party and attributable to his refusal to pursue the case at the price of being publicly identified; and (6) whether the party seeking to sue pseudonymously has illegitimate ulterior motives.

Id. (internal citations and quotation marks omitted). The factors disfavoring anonymity include:

> (1) the universal level of public interest in access to the identities of litigants; (2) whether, because of the subject matter of this litigation, the status of the litigant as a public figure, or otherwise, there is a particularly strong interest in knowing the litigant's identities, beyond the public's interest which is normally obtained; and (3) whether the opposition to pseudonym by counsel, the public, or the press is illegitimately motivated.

5

Id. (internal quotation marks and citation omitted).

## Discussion

In analyzing plaintiff's motion to proceed anonymously, the court will consider each of the factors highlighted by Megless, starting with the factors favoring anonymity and then the factors favoring disclosure.

### A. Factors Favoring Anonymity

#### 1. Preservation of Anonymity

The first factor is the extent to which the anonymity of the plaintiff seeking to use a pseudonym has been preserved. Plaintiff filed the complaint as "John Doe" and redacted his address from the complaint. (See Doc. 1, Compl. ¶ 1). Additionally, he has redacted his name and address from the United States Equal Employment Opportunity Commission Right To Sue letter attached to the complaint. (Doc. 1.2). The complaint also indicates that he was "outed beyond an extent he felt comfortable in the workplace." (Doc. 1, ¶ 16). Also a co-worker asked about his gender and stated that others were speculating about it. (Doc. 1, ¶¶ 17-18). These allegations indicate that plaintiff being transgender was not an open fact at the workplace. This factor thus weighs in favor of granting plaintiff's motion to proceed anonymously.

### 2. Bases for Request of Anonymity

Second, courts evaluate the bases upon which disclosure is feared or sought to be avoided and the substantiality of such bases. Here, plaintiff alleges that he has a legitimate fear of severe harm and social stigma resulting from the disclosure of his gender identity. (Doc. 4, Pl.'s Br. at 3). The court is well-aware of the threat of violence that the transgender community faces. Plaintiff's brief sets forth statistics and articles that confirm that transgender individuals are more likely to suffer violence because of their gender identity. (Id. 11-13). As such, the court finds that plaintiff has compelling, substantial reasons for requesting to proceed anonymously.

### 3. Magnitude of the Public Interest in Maintaining Confidentiality

The court finds that the next factor, the magnitude of the public's interest in maintaining the confidentiality of the litigant's identity, also weighs in favor of granting plaintiff's motion. The Third Circuit, when examining this factor, posed the question: "[I]f this litigant is forced to reveal his or her name, will other similarly situated litigants be deterred from litigating claims that the public would like to have litigated?" Megless, 654 F.3d at 410. Without the protection of anonymity, future plaintiffs such as Plaintiff John Doe would likely decline to participate in lawsuits, and the public's interest in ensuring those responsible for

7

invidious discrimination are held responsible could be suppressed. Thus, this factor weighs in favor of anonymity.

### 4. Legal Nature of Issues in the Case

The fourth factor is whether the purely legal nature of the issues in the case make for an atypically weak public interest in the actual identity of the litigants. Here, the case involves employment discrimination, and such cases typically turn on the judgments about credibility of witnesses as opposed to strictly legal issues. Accordingly, the defendant has a strong interest in knowing the identity of the plaintiff for purposes of conducting discovery. Plaintiff has mitigated these concerns by seeking only to keep his name and address out of the court filings. He agrees to conduct depositions and trial with his name being used. Further, he does not request that the case or any document in the case be sealed. (Doc. 4, Pl's. Br. at 17). As such, this factor weighs in favor of maintaining anonymity.

### 5. Danger of Adverse Outcome to Unnamed Plaintiff

The fifth factor is the undesirability of an outcome adverse to the pseudonymous plaintiff and attributable to his refusal to pursue the case at the price of being publicly identified. The public would be harmed if employers discriminatory conduct goes unchecked because plaintiffs have a fear of litigating it publicly. And although a plaintiff's refusal to litigate openly cannot by itself

outweigh the public's interest in open trials, this factor weighs in plaintiff's favor. See Megless, 654 F.3d at 410-11.

### 6. Whether Plaintiff Has Ulterior Motive for Seeking Anonymity

The sixth factor is whether the plaintiff seeking to proceed anonymously has illegitimate ulterior motives. It does not appear at this time that plaintiff has ulterior motives. If it should become apparent to the defendants or the court, that some ulterior motive is present this factor can be reevaluated. At this point, however, this factor weighs in favor of the plaintiff.

### B. Factors Favoring Disclosure

### 1. Public Interest in Plaintiff's Identity

The first factor which could favor disclosure of the anonymous plaintiff's identity is the universal level of public interest in access to the identities of litigants. This factor does not here support a need for disclosure. No evidence currently indicates a widespread public interest in his identity. Thus, the public interest in plaintiff's identity is not so strong as to justify the danger of disclosing it.

### 2. Subject Matter of the Litigation

The next factor involves whether there is a particularly strong interest in knowing the litigant's identities, beyond the normal public interest, due to the subject matter of the litigation, the status of the litigant as a public figure, or some

other reason. This does not appear to be the case here. Plaintiff indicates that he is not a public figure. (Doc. 4, Pl's. Br. at 15). Thus, there is not a public need to follow his activities to prevent abuse of the public trust. Additionally, the subject matter of the litigation is employment discrimination. The status of plaintiff as transgender is important for the public to know, however, his specific identification is not necessary for the public to follow the case. Accordingly, this factor weighs in favor of anonymity.

### 3. Opposition by Counsel, the Public, or the Press

The final factor is if any opposition to the motion filed by counsel, the public, or the press is illegitimately motivated. Here no opposition has been filed to plaintiff's motion. Thus, this factor is neutral in the court's analysis.

**Conclusion**

A weighing of the relevant factors demonstrates that plaintiff's motion should be granted and plaintiff can pursue his employment discrimination case using the pseudonym "John Doe." See Doe v. Pa. Dep't of Corr., No. 19-1584, 2019 WL 5683437 (M.D. Pa. Nov. 1, 2019) (finding that a transgender individual could pursue their employment discrimination case anonymously as "John Doe"); Doe v. Triangle Doughnuts, No. 19cv5275, 2020 WL 3425150 (E.D. Pa. Jun. 23, 2020) (permitting transgender plaintiff to proceed anonymously in an employment discrimination case). The court, however, will grant the motion conditionally

leaving defendant the opportunity to challenge the anonymity on a good faith basis at a later date if the circumstances change. Likewise, the court will be allowed to re-examine the issue *sua sponte* if appropriate. An appropriate order follows.

Date: 5/24/24

JUDGE JULIA K. MUNLEY
United States District Court